FILED
LODGED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAN 17 2008

AT
CLERK U.S.
DEPUTY

| | | |
|---|---|---|
| JOHNNIE NORMAN BOLD SR.<br>Petitioner, | * | |
| v. | * | CIVIL ACTION NO. RWT-07-2967<br>CRIMINAL NO. RWT-04-0174 |
| UNITED STATES OF AMERICA<br>Respondent. | * | |

\*\*\*

## MEMORANDUM OPINION

Petitioner entered guilty pleas to one count of possession of a stolen firearm and one count of possession of PCP, for which he was sentenced to concurrent terms of twenty-one months in the U.S. Bureau of Prisons, accompanied by concurrent periods of thirty-six and twelve months of supervised release, and ordered to pay a cumulative $125.00 special assessment. Judgment was entered September 13, 2005. *See United States v. Bolds*, Crim. No. RWT-04-0174 (D. Md.). No appeal was filed. On April 10, 2007, the undersigned issued a bench warrant for Petitioner's arrest in response to the U.S. Department of Parole and Probation's request. *Id.* Paper Nos. 30-31. Petitioner appeared before this Court on November 2, 2007, on charges that he violated the terms of his supervised release. *Id.* Paper No. 33.

On October 30, 2007, this Court received for filing Petitioner's 28 U.S.C. § 2241 action, raising a direct attack on his sentences.[1] The matter was construed as a 28 U.S.C. § 2255 motion to vacate.[2] *Id.* Paper No. 32. Petitioner seemingly claims that in sentencing him to thirty-six months of supervised release, the Court impermissibly imposed a "new sentence and that is [in] violation of my constitutional rights." *Id.* He asks that the sentence be vacated.

Petitioner is wrong on the law and the facts and his Motion shall be dismissed on the merits.

---

[1] Petitioner makes reference to an August 30, 2005 sentencing. The court has no record of a proceeding on that date.

[2] The filing was accompanied by a motion to proceed in forma pauperis. Because there is no civil fee for the filing of a § 2255 motion, the indigency application shall be denied as moot.

He received only one sentence as to each count, comprised of a custodial period followed by a period of supervised release. "[S]upervised release, although imposed in addition to the period of incarceration, is 'a part of the sentence.' . . . Thus, the entire sentence, including the period of supervised release, is the punishment for the original crime . . . ." *United States v. Soto-Olivas*, 44 F.3d 788, 790 (9th Cir. 1995)(quoting 18 U.S.C. § 3583(a))(other citation omitted). Further, the Court is statutorily authorized to use its discretion to impose a post-custodial period of supervised release. *See* 18 U.S.C. § 3583(a).[3] Supervised release, as part of the sentence, "is expressly authorized by § 3583 whether or not it is mandated by a statute of conviction or otherwise." *See Huerta-Pimental*, 445 F.3d 1220, 1222 (9th Cir. 2006).

For the aforementioned reasons, the Motion to Vacate shall be dismissed.[4] A separate Order follows.

Date: 1/16/08                                                  /s/
                                                              ROGER W. TITUS
                                                              UNITED STATES DISTRICT JUDGE

---

[3]   Section 3583(a) provides, in pertinent part: "The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, *may include as a part of the sentence* a requirement that the defendant be placed on a term of supervised release after imprisonment . . . ." (Emphasis added.) The plain language of the statute accords the Court discretion to impose a post-custodial period of supervised release.

[4]   The Court observes that the Motion was filed over two years after criminal judgment became final. It therefore appears that the action is statutorily untimely under the one-year limitation period set out under 28 U.S.C. § 2255(1).

2